1

2

3

4

5          UNITED STATES DISTRICT COURT

6        FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    MAI JOUR HER,                              Case No.  1:21-cv-00369-AWI-BAM

9              Plaintiff,                       **ORDER ADOPTING FINDINGS AND
                                                RECOMMENDATIONS REGARDING**
10        v.                                    **SOCIAL SECURITY COMPLAINT**

11   KILOLO KIJAKAZI, Acting                    (Doc. Nos. 20, 21, 24)
     Commissioner of Social Security,[1]
12
              Defendant.
13

14        Plaintiff Mai Jour Her ("Plaintiff") seeks judicial review of a final decision of the

15   Commissioner of Social Security ("Commissioner") denying Plaintiff's application for

16   supplemental security income under Title XVI of the Social Security Act.

17        On November 18, 2022, the assigned magistrate judge issued findings and

18   recommendations to deny Plaintiff's appeal from the administrative decision of the

19   Commissioner, grant the Commissioner's cross-motion for summary judgment, affirm the

20   agency's determination to deny benefits, and direct the Clerk of this Court to enter judgment in

21   favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against

22   Plaintiff Mai Jour Her.  (Doc. No. 24.)  The findings and recommendations were served on the

23   parties and contained notice that any objections thereto were to be filed within fourteen (14) days

24   after service.  (Id. at 14.)  Plaintiff filed objections on December 2, 2022.  (Doc. No. 25.)  The

25   Commissioner did not respond to the objections, and the time in which to do so has passed.

26

27   [1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule
     25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the
28   defendant in this suit.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the findings and recommendations are supported by the record and proper analysis.

Plaintiff argues that the Administrative Law Judge ("ALJ") failed to consider whether her impairments met or equaled Listing 2.03A at step three of the sequential evaluation, and the magistrate judge erred by weighing the evidence and offering a post-hac rationale as to why the evidence was insufficient.  (Doc. No. 25 at 2.)

At step three of the sequential evaluation, the ALJ determines whether "a claimant's impairment meets or equals an impairment listed in [20 C.F.R. part 404, subpart P, appendix 1]." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a listed impairment he or she will be found disabled at this step without further inquiry. Id. (citing 20 C.F.R. § 404.1520(d)); see 20 C.F.R. § 416.920(d).  "To *meet* a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim.  To *equal* a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment, or, if a claimant's impairment is not listed, then to the listed impairment 'most like' the claimant's impairment." Tackett, 180 F.3d at 1099 (emphasis in original).

Having considered the record, the Court finds that the magistrate judge properly determined that Plaintiff has failed to meet her burden to establish the necessary criteria for listing 2.03A. Tackett, 180 F.3d at 1099.  Listing 2.03A requires contraction of the visual field in the better eye with:  "The widest diameter subtending an angle around the point of fixation no greater than 20 degrees."  20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 2.03A.  To determine statutory blindness based on visual field loss in a claimant's better eye under listing 2.03A, the Commissioner requires the results of a visual field test.  See 20 C.F.R. Pt. 404, Subpt. P, Appx. 1 § 2.00(A)(6)(c).  While Plaintiff has cited to visual field test results from the consultative examiner, Dr. Samuel P. Hinton, those results were not deemed wholly reliable by the examiner himself.  See AR 440-41 ("reliability 7/10" on the left eye; "reliability ?" on the right eye).  As

indicated by the magistrate judge, the ALJ considered the examiner's statements regarding the reliability of visual field testing.  AR 29 ("In the left eye, visual field reliability was 7/10.  On the right eye, visual field reliability was questionable.").  Additionally, the ALJ found at least minimally persuasive the opinion of the state agency disability consultant, Dr. A. Khong, who noted that Plaintiff's visual functional deficits were based on subjective reports, not true objective findings.  AR 32, 80 ("Keep in mind that both VA and VF are based entirely on subjective reports and are not true objective findings.").  Indeed, Dr. Khong commented that Dr. Hinton "opined that the [Visual Field] result was NOT RELIABLE and NOT CONSISTENT with the ocular findings.  He noted that no [Visual Field] defect would be expected given the ocular findings." AR 79.  Because Plaintiff has been unable to demonstrate how she meets listing 2.03A by reference to valid test results, she cannot establish error.

Plaintiff's remaining objections are an attempt to relitigate the matter and do not provide a basis to reject the magistrate judge's findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations issued on November 18, 2022 (Doc. No. 24) are adopted in full;

2.  Plaintiff's appeal from the administrative decision of the Commissioner of Social Security is denied;

3.  The Commissioner's cross-motion for summary judgment is granted and the agency's determination to deny benefits is affirmed; and

4.  The Clerk of the Court is directed to enter judgment in favor of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, and against Plaintiff Mai Jour Her.

IT IS SO ORDERED.

Dated:   April 28, 2023                        _____

SENIOR  DISTRICT  JUDGE

3